MICHIGAN ASSOCIATION OF INSURANCE AGENTS v MICHIGAN
WORKER'S COMPENSATION PLACEMENT FACILITY

Docket No. 177783. Submitted May 14, 1996, at Lansing. Decided Novem-
ber 15, 1996, at 9:05 A.M.

The Michigan Association of Insurance Agents, a nonprofit trade asso-
ciation of independent insurance agents, and several independent
insurance agencies brought an action in the Ingham Circuit Court
against the Michigan Worker's Compensation Placement Facility, a
statutorily created entity comprised of all insurers authorized to
write worker's compensation insurance in Michigan, seeking to pre-
vent the defendant's publication of "Assigned Risk Depopulation
Reports" that contained information concerning the expiration of
employers' worker's compensation insurance obtained through the
defendant. The court, William E. Collette, J., granted summary dis-
position for the defendant. The plaintiffs appealed.

The Court of Appeals *held*:

1. The defendant, a nonprofit organization that does not compete
for customers in the private insurance industry, was created by
statute to provide worker's compensation insurance to uninsurable
employers and to encourage maximum use of the private insurance
system. Publication of the Assigned Risk Depopulation Reports
would aid in achieving these goals.

2. The American Agency System, a custom recognized in Michi-
gan as being generally applicable to insurance agencies, does not
apply to the defendant and does not preclude the defendant from
publishing the reports at issue.

Affirmed.

INSURANCE — MICHIGAN WORKER'S COMPENSATION PLACEMENT FACILITY — AMERI-
CAN AGENCY SYSTEM.

The American Agency System, a custom recognized in Michigan as
being generally applicable to insurance agencies, does not apply to
the Michigan Worker's Compensation Placement Facility, a statuto-
rily created entity comprised of all insurers authorized to write
worker's compensation insurance in Michigan; the Michigan
Worker's Compensation Placement Facility, unlike private insur-
ance companies, is a nonprofit organization that does not compete
for customers in the private insurance industry and was created to

provide worker's compensation insurance to uninsurable employers and to encourage maximum use of the private insurance system (MCL 500.2301; MSA 24.12301).

*Zagaroli & Taylor, P.C.* (by *Karla A. Taylor* and *Michael A. Zagaroli*), for the plaintiffs.

*Dykema Gossett, PLLC* (by *Donald S. Young* and *Ava K. Ortner*), for the defendant.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. Graves, Jr.,* JJ.

PER CURIAM. Plaintiffs appeal as of right an Ingham Circuit Court order granting defendant's motion for summary disposition. We affirm.

Plaintiff Michigan Association of Insurance Agents is a nonprofit trade association of independent insurance agents. Plaintiffs Flood Agency, Holt & Dimondale Agency, Independent Insurance Centre, Lansing Mutual Agency, Inc., Mason Insurance Agency, Inc., and Reid-Brower Insurance Agency are licensed independent insurance agencies that have placed worker's compensation insurance business through defendant on behalf of clients. Defendant, Michigan Worker's Compensation Placement Facility, is a statutorily created entity comprised of all insurers authorized to write worker's compensation insurance in Michigan. MCL 500.2301; MSA 24.12301. Defendant's purpose is stated in MCL 500.2301; MSA 24.12301 as:

(a) Providing worker's compensation insurance to any person who is unable to procure the insurance through ordinary methods.

---

* Circuit judge, sitting on the Court of Appeals by assignment. ·

(b) Preserving to the public the benefits of price competition by encouraging maximum use of the normal private insurance system.

Agencies such as plaintiffs that are unable to find a private source of insurance for their clients that are employers may help them apply to defendant for insurance, and then defendant will assign them a carrier. The agencies receive commissions from defendant.

Concerned that employers who may have become insurable by private carriers were being unnecessarily insured through defendant, defendant notified plaintiffs and others in May 1994 that defendant planned to publish and sell "Assigned Risk Depopulation Reports." The reports, which would be issued quarterly, would contain the following information for each employer whose insurance was expiring during the quarter: (1) the employer's name, (2) a risk identification number, (3) premium paid, (4) the insurance expiration date, (5) class code, (6) experience modification, and (7) surcharges for all employers insured through defendant.

Plaintiffs objected to the publication of this information, claiming that they had a property right in the information concerning expirations that defendant planned to publish. Plaintiffs filed the instant suit in an effort to stop publication of the reports. In June 1994, the trial court granted plaintiffs a temporary injunction halting publication. Defendant moved for summary disposition in July 1994, and the trial court granted defendant's motion and lifted the injunction.

Plaintiffs argue that the trial court's grant of summary disposition was improper. Specifically, plaintiffs argue that the trial court's findings were "in direct

conflict" with the holding of *Woodruff v Auto Owners Ins Co*, 300 Mich 54; 1 NW2d 450 (1942). We disagree. In *Woodruff*, our Supreme Court was asked to decide the extent to which the American Agency System, a custom recognized in Michigan as being generally applicable to insurance agencies, affected the rights of the parties in the case, an insurance company and an agent who had been terminated. The Court's discussion of the American Agency System included the following relevant passages:

> The purport of the American Agency System is that upon termination of an insurance agency, if the agent's financial obligations to the company are paid in full, all rights in the expiration data of existing insurance procured by the agent belong to him. [*Id.* at 58.]

and

> We think it clear that the full purpose of and the need for the application of the custom established by the American Agency System is that the so-called clientele or established business of an insurance agent may be preserved to him as far as possible upon the termination of his agency. To this extent, and no further, the custom should be respected and enforced. [*Id.* at 60.]

Plaintiffs' argument that the American Agency System as discussed in *Woodruff* should be extended to afford them protection of the expirations data at issue in the instant case must fail. Plaintiffs' claim that defendant is "nothing more than an association of private insurance companies" and, therefore, subject to the insurance practices used in the private insurance industry, fails to recognize the crucial distinction that defendant is an entity that is statutorily created. Plaintiffs' characterization of defendant as an

"association of private insurance companies" is necessary to support their position that the American Agency System is applicable to the case at hand because of the lack of any industry custom specifically applicable to statutorily created entities such as defendant. However, such a characterization is unwarranted, and, thus, their position is untenable.

Defendant, a nonprofit organization, does not compete in the private insurance industry for customers; rather, otherwise uninsurable employers are sent to defendant for coverage. Furthermore, unlike private insurance companies, defendant was created by statute to fulfill certain purposes, namely, to provide worker's compensation insurance to uninsurable employers and to encourage maximum use of the private insurance system. Publication of the Assigned Risk Depopulation Reports would aid in achieving these ends by helping to limit the number of those insured by defendant to only those employers who are truly uninsurable elsewhere and preserving the benefits of price competition by the movement of otherwise insurable employers from defendant to private carriers, which will reduce the rates being paid for worker's compensation insurance.

Because the American Agency System does not apply to defendant, it cannot preclude defendant from publishing the Assigned Risk Depopulation Reports at issue. The trial court's grant of summary disposition was proper.

Affirmed.